OFFICIAL LOCAL FORM 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | 5/03/16 | Docket #: | 16-11692 |
| Debtor: | Jean A. DeGutis | Co-Debtor: | |
| SS#: | xxx-xx-8734 | SS#: | |
| Address: | 44 Warren Street<br>Plainville, MA 02762 | Address: | |

| | |
|---|---|
| Debtor's Counsel: | Honoria DaSilva-Kilgore 564202 |
| Address: | Honoria DaSilva-Kilgore, P.C.<br>2 Richard Street, P.O. Box 277<br>Raynham, MA 02767 |
| Telephone #: | 508-822-3200 |
| Facsimile #: | 508-822-3289 |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

OFFICIAL LOCAL FORM 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

PRE-CONFIRMATION CHAPTER 13 PLAN

Docket No.: 16-11692 FJB

**DEBTOR(S):**

Jean A. DeGutis                                                    SS#: XXX-XX-8734

### I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the trustee the sum of **$2,576.00** for the term of:

G 36 Months. 11 U.S.C. ' 1325(b)(4)(A)(i);
**G 60 Months. 11 U.S.C. ' 1325(b)(4)(A)(ii);**
G 60 Months. 11 U.S.C. ' 1322(d)(2). Debtor avers the following cause:
or
G ____ Months. The debtor states as reasons therefore:

### II. SECURED CLAIMS:

A. Claims to be paid through the Plan (including arrears):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Webster Bank, N.A. | 1st mortgage pre-petition arrears | $90,664.04 |

Total of secured claims to be paid through the Plan:            $90,664.04

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| Harbor One Credit Union | Regular Monthly Auto. Loan Payments |

C. Modification of Secured Claims: Creditor Details of Modification Amt. of Claim to Be
(Additional Details May Be Attached) Paid Through Plan

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

(to be paid the same dividend as the unsecured creditors as per section V of the Plan)

D. Leases: None

i. The debtor(s) intend(s) to reject the residential/personal property lease claims of

_____ ; or

ii. The debtor(s) intend(s) to assume the residential/personal property lease claims of
_____

iii. The arrears under the lease to be paid under the Plan are: _____

### III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| IRS | 2012 income taxes | $ 1,699.06 |
| MDOR | 2012 income taxes | $ 1,000.00 |
| Town of Plainville | real estate taxes | $22,415.20 |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
|  |  |  |

Total of Priority Claims to Be Paid Through the Plan:  $25,114.26

### IV. ADMINISTRATIVE CLAIMS: None

A. Attorney's Fees (to be paid through the Plan):  $_____

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
|  |  |  |

C. The chapter 13 trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% trustee's commission.

### V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of 42 % of their claims.

A. General unsecured claims    $55,433.23

B. Undersecured claims arising after lien avoidance/cramdown: N/A

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
|  |  |  |

C. Non-Dischargeable Unsecured Claims: None

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
|  |  |  |

Total of Unsecured Claims (A + B + C):   $_____

D. Multiply total by percentage: $
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total amount of separately classified claims payable at __%:

## VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund the Plan:

B. Modification of Secured Claims:

C. Miscellaneous Provisions:

## VII. CALCULATION OF PLAN PAYMENT:

A. Secured claims (Section I-A Total): $90,664.04
B. Priority claims (Section II-A & B Total): $25,114.26
C. Administrative claims (Section III-A&B Total): $ -0-
D. Regular unsecured claims (Section IV-D Total): + $23,281.95
E. Separately classified unsecured claims: $ -0-
F. Total of A + B + C + D + E above: = $139,060.25
G. Divide (F) by .90 for total including trustee's fee:
                           Cost of Plan = $154,511.38
(This represents the total amount to be paid into the Chapter 13 Plan)
H. Divide (G), Cost of Plan, by Term of Plan, **60** months
I. Round up to nearest dollar for Monthly Plan Payment: $2,576.00
(Enter this amount on page 1)

Pursuant to 11 U.S.C. '1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. '1326(a)(1)(C), the debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D |
|---|---|---|
| 44 Warren Street, Plainville, MA | $599,000.00 | $496,975.52 |

| | |
|---|---|
| Total Net Equity for Real Property: | $102,924.48 |
| Less Total Exemptions (Schedule C): | $102,924.48 |
| Available Chapter 7: | $ -0- |

B. Automobile (Describe year, make, model):

| Year, Make, Model | Value | Lien | Exemption |
|---|---|---|---|
| 2008 GMC H3 | $9,800.00 | $ -0- | $9,800.00 |
| 2004 Harley-Davidson Sportster | $4,500.00 | $ -0- | $4,500.00 |

| | |
|---|---|
| Total Net Equity: | $14,300.00 |
| Less Total Exemptions (Schedule C) | $14,300.00 |
| Available Chapter 7: | -0- |

C. All other Assets: (All remaining items on Schedule B): (Itemize as necessary):

| | |
|---|---|
| Total Net Value: | $32,060.00 |
| Less Exemptions (Schedule C): | $16,500.00 |
| Available Chapter 7: | $15,560.00 |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:   $ 15,560.00

E. Additional Comments regarding Liquidation Analysis:

## IX. SIGNATURES

Pursuant to the Chapter 13 Rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the chapter 13 trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Honoria DaSilva-Kilgore                                May 18, 2016
Honoria DaSilva-Kilgore, BBO # 564202            Date

Attorney's Address:   2 Richard Street, P.O. Box 277, Raynham, MA 02767
Telephone #:                (508) 822-3200
Email Address:           hdklaw@hdklawoffices.com

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

/s/Jean A. DeGutis                                May 18, 2016
Jean A. DeGutis                                       Date

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2016, I electronically filed the **Chapter 13 Plan** with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system and it on the following CM/ECF participants:

| | |
|---|---|
| John Fitzgerald<br>USTOPRegion01.BO.ECF@USDOJ.GOV | Office of the U.S. Trustee |
| Carolyn Bankowski<br>13trustee@ch13boston.com | Chapter 13 Trustee |
| Kevin F. Yetman<br>kyetman@murthalaw.com | for Webster Bank, N.A. |
| Thomas S. Vangel<br>tvangel@murthalaw.com | for Webster Bank, N.A. |

I further certify that I have this day mailed, by first class mail, postage prepaid, the documents electronically filed with the Court to the non CM/ECF participants referenced below and to all creditors on the attached Service List.

| | |
|---|---|
| Jean A. DeGutis<br>44 Warren St.<br>Plainville, MA  02762 | Debtor |

/s/ *Honoria DaSilva-Kilgore*
Honoria DaSilva-Kilgore, BBO # 564202

Allied Account Services Inc.
422 Bedford Avenue
Bellmore, NY 11710

American Express
P.O. Box 360001
Fort Lauderdale, FL 33329

Bank of America
PO Box 25118
Tampa, FL 33622-5118

Bank of America, N.A.
P.O. Box 15025
Wilmington, DE 19886

Benjamin Michael & Associates
P.O. Box 41
Coram, NY 11727

Donellon Orcutt Patch & Stallard, PC
96 Broadway
Taunton, MA 02780

Equitation Unlimited Inc.
44 Warren Street
Plainville, MA 02762

FMA Alliance, Ltd.
P.O. Box 2409
Houston, TX 77252

HarborOne Credit Union
P.O. Box 4139
Woburn, MA 01888-4139

Internal Revenue Service
PO Box 9052
Andover, MA 01810

Law Office of Howard Lee Schiff, P.C.
P.O. Box 280245
East Hartford, CT 06128-0245

Massachusetts Department of Revenue
P.O. Box 7010
Boston, MA 02204

National Grid
PO Box 11737
Newark, NJ 07101-4737

Santoro Oil Family of Companies
P.O. Box 9063
Providence, RI 02904

Southwest Credit Systems, LP
4120 International Pkwy, Suite 1100
Carrollton, TX 75007

Sunrise Credit Services
PO Box 9100
Farmingdale, NY 11735

Town of Plainville
P.O. Box 1795
Plainville, MA 02762

Verizon Wireless
P.O. Box 15064
Albany, NY 12212-5062

Webster Bank
PO Box 1809
Hartford, CT 06144-1809