UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>IN RE: JEAN A. DEGUTIS,<br><br>Debtor. | CHAPTER 13<br>CASE NO. 16-11692 |

**OBJECTION OF WEBSTER BANK, N.A.**
**TO THE DEBTOR'S CHAPTER 13 PLAN**

Pursuant to Section 1325 of 11 U.S.C. (the "Bankruptcy Code"), Webster Bank, N.A. (the "Bank"), the primary secured creditor in the above captioned proceeding, hereby objects to the Chapter 13 Plan of Jean A. DeGutis (the "Debtor"). In support of its objection, the Bank states the following:

### I. FACTUAL BACKGROUND

1. The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 3, 2016 (the "Petition Date").

2. On May 18, 2016 the Debtor filed a proposed Chapter 13 Plan of Reorganization (the "Plan") [Docket No. 16].

3. On June 27, 2008 the Bank made a commercial loan to the Debtor in the original principal amount of $490,000.00 (the "Loan").

4. The Loan is secured by a first mortgage (the "Mortgage") on real property owned by the Debtor, located at 44 Warren Street, Plainville, Massachusetts, which includes the Debtor's residence and a commercial equestrian farm with multiple associated structures (the "Property"). True and accurate copies of the Promissory Note and Mortgage evidencing the

7159664v3

Loan are attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u> respectively.

5. Pursuant to the terms of the Mortgage, the Debtor granted to the Bank all of the Debtor's interest in all rents, profits, proceeds and products of and from the Property and all leases of the Property or portions thereof, as more fully described in the Mortgage.

6. On October 24, 2012, the Debtor and the Bank amended the Note by a modification to the note (the "Modification") which modified the interest rate, principal and interest payments, and prepayment penalty terms of the Note. A true and accurate copy of the Modification is attached as <u>Exhibit C</u>.

7. Pursuant to the terms of the Note and the Modification, the Debtor was obligated to make monthly mortgage payments of $3,275.41 on the 27th day of each month. The Debtor stopped making timely monthly mortgage payments in March of 2014. The Debtor only made two additional monthly mortgage payments in 2014, both of which were late, in April and September. In 2015, the Debtor only made four partial payments of $2,500. The Debtor made no payments on the Loan in 2016. As a result, default interest began to accrue after the default in March 2014 and the monthly payment increased to $4,188.

8. The Debtor is in default under the terms of the Note and the Mortgage for failing to make the monthly mortgage payments as described above. By notice to the Debtor dated November 2, 2015, the Bank properly accelerated payment of the Loan on account of said default, and the full balance became immediately due and payable (the "Notice of Default and Acceleration"). A true and accurate copy of the Notice of Default and Acceleration is attached hereto as <u>Exhibit D</u>.[1]

---

[1] The Loan was also personally guaranteed by Equitation Unlimited, Inc. ("Equitation"), an affiliate of the Debtor. Equitation filed a voluntary petition under chapter 7 of the Bankruptcy Code on January 27, 2016 (Bankruptcy Case No. 16-10248). Equitation had no assets available

7159664v3

9.  As of the Petition Date, the Debtor owed the Bank a total of $495,090.64 on the loan, which consists of $401,913.96 in principal, interest in the amount of $63,145.87, late charges in the amount of $5,471.51, plus attorneys' fees, costs and expenses in the amount of $24,559.30.[2]  Presently, interest continues to accrue at a per diem default rate of $97.69.

## II.  ARGUMENT

### A. The Debtor has Failed to Make Any Postpetition Payments to the Bank Since the Petition Date of May 3, 2016

10.  The Debtor has failed to make any postpetition monthly mortgage payments to the Bank which were due May 27, 2016 and June 27, 2016 notwithstanding the fact that Debtor reported collecting $9,611.55 per month in income from the operation of the commercial equestrian farm at the Property, known as Tanbark Farm [Docket No. 13].  Tanbark Farm is a sole proprietorship of the Debtor.

11.  A third postpetition monthly mortgage payment is due from the Debtor on July 27, 2016.

### B. Debtor's Plan Miscalculates the Amount of the Prepetition Arrearage Owed to the Bank

12.  The Debtor inaccurately lists $90,664.04 as the prepetition arrearage owed to the Bank on the Loan.  The correct amount of the prepetition arrearage on the Loan as of April 27,

---

for distribution to creditors in that chapter 7 case and the Chapter 7 Trustee filed a report to that effect.

[2] Counsel was engaged by the Bank in October 2015.  Because the Debtor was unresponsive to the Notice of Default and Acceleration (See Exhibit D), counsel commenced an action in Norfolk Superior Court to have a receiver appointed.  Several hearings were held by the Superior Court and an Order entered authorizing the appointment of a receiver effective May 4, 2016.  The Debtor filed her Chapter 13 petition on May 3, 2016 which stayed the Superior Court action.  Counsel also devoted legal time to the Chapter 7 bankruptcy case field by Equitation, the guarantor of the Loan.

2016 is as follows:

|  |  |
|---|---|
| Principal | $26,444.18 |
| Interest | $63,145.87 |
| Late Charges | $5,471.51 |
| Legal Fees | $24,559.30 |
| **Total Prepetition Arrearage** | **$119,620.86** |

13. The Debtor must amend the Plan to provide for payment of accurate prepetition arrearage to the Bank as a secured creditor on the Loan as set forth above.

### C. The Debtor has Failed to Amend or Modify The Debtor's Chapter 13 Plan as Directed by the Chapter 13 Trustee At The Debtor's Section 341 Meeting of Creditors

14. The Debtor's Plan only includes payment of prepetition arrears to the Bank to be paid through the Plan which as noted above is substantially less than the actual arrearage. The Plan makes no reference to the Debtor's obligation to make ongoing monthly mortgage payments.

15. On June 15, 2016, Chapter 13 trustee, Carolyn Bankowski ("Trustee") held the Debtor's Section 341 Meeting of Creditors ("341 Meeting"). At the 341 Meeting, the Trustee directed the Debtor to either amend or modify the Debtor's Plan to reference postpetition monthly mortgage payments to the Bank.

16. As of the date of this filing, the Debtor has failed to amend or modify the Debtor's Plan to include payment by the Debtor of postpetition monthly mortgage payments as instructed by the Trustee.

17. The Debtor's Plan does not comply with Chapter 13 of the Bankruptcy Code since it fails to adequately cure and maintain payment of the Bank's secured claim as required under 11 U.S.C. 1322(b)(3).

7159664v3

**D. The Debtor has Failed to Maintain Appropriate Insurance Coverage on the Property**

18. On May 19, 2016 the Debtor filed purported Evidence of Current and Sufficient Liability and Property Insurance (the "Insurance Binder") [Docket No. 18].

19. The Insurance Binder is only one page of a two page temporary insurance binder in place for a month period ending on May 27, 2016.

20. The Insurance Binder did not provide any general liability coverage and only $25,000 in property coverage for the Debtor's multi-structure commercial equestrian facility.

21. The Insurance Binder failed to provide adequate coverage for the Property including the commercial equestrian farm structures. The Debtor also placed the Bank's collateral at risk by operating a commercial equestrian farm without general liability coverage.

22. At the Debtor's 341 Meeting, counsel for the Debtor provided insurance information to Bank counsel related to a purported updated insurance policy (the "Revised Policy Declaration"). A true and accurate copy is attached hereto as Exhibit E.

23. As of the date of this filing, the Debtor has failed to file the Revised Policy Declaration with the Court.

24. The Revised Policy Declaration incorrectly lists the Debtor's property location as 44 Warren Street, Norfolk County, North Attleboro, Massachusetts instead of 44 Warren Street, Plainville, Massachusetts. Furthermore, the Revised Policy Declaration is not countersigned by any authorized insurance agent and no insurance binder on the customary "Accord" form has been provided. Also, the Debtor has not provided any evidence of the amount of insurance paid under the Revised Policy Declaration.

25. For the reasons set forth above, the Revised Policy Declaration is not proper evidence of insurance.

7159664v3

26. As of the date of this filing, the Debtor has failed to comply with the Bankruptcy Code requirements concerning a chapter 13 debtor's insurance obligations.

**E. The Debtor is Using the Bank's Cash Collateral Without Authorization to do so in Violation of the Bankruptcy Code**

27. The Debtor operates a commercial equestrian farm, "Tanbark Farm," as a sole proprietorship at the Property subject to the Mortgage.

28. At the Debtor's 341 Meeting, the Debtor testified to receiving monthly income from boarding fees generated from the boarding of horses at Tanbark Farm. These boarding fees constitute "rents, profits, [or] proceeds" from the Property in which the Bank has a first priority lien by virtue of the Mortgage as noted above. Therefore, the boarding fees said fees constitute the Bank's cash collateral.

29. As provided by the Bankruptcy Code, the Debtor's right to use cash collateral pursuant to Section 1304 is subject to the limitations on the use of cash collateral as set forth in Section 363(c).

30. The Debtor is improperly using the Bank's cash collateral as the Debtor has not obtained court authorization for use of such cash collateral. See Section 363(c)(2). This violation by the Debtor constitutes grounds to deny confirmation to the Debtor's Plan.

WHEREFORE, Webster Bank, N.A. requests that this Court:

    (a)    deny confirmation of the Debtor's Plan; and
    (b)    grant further relief as this Court deems just and proper.

Respectfully submitted,

**WEBSTER BANK, N.A.**

By Its Attorneys,

    /s/ Anthony R. Leone
Thomas S. Vangel, BBO #552386
Anthony R. Leone, BBO #681760
Murtha Cullina LLP
99 High Street
Boston, Massachusetts 02110-2320
Telephone:  617.457.4000
Facsimile:  617.482.3868
tvangel@murthalaw.com
aleone@murthalaw.com

DATED:  July 15, 2016

7159664v3