C    Page 1 of 5

# EXHIBIT C

Webster Bank, N.A.
Attn: Jennifer J'Anthony
Mail stop: NB 145
436 Slater Road
New Britain, CT 06053

## MODIFICATION TO NOTE

This **MODIFICATION TO NOTE** (the "Amendment") made as of October 24, 2012 by JEAN A. DEGUTIS, of 44 Warren Street, Plainville, Massachusetts 02762 (the "Borrower") in favor of WEBSTER BANK, National Association, having an office at 145 Bank Street, Waterbury, Connecticut 06702 (herein referred to as "Lender").

WHEREAS, Jean A. Degutis and the Lender have entered into a mortgage loan transaction in the original amount $490,000.00 (the "Loan"), which Loan is evidenced by a Commercial Real Estate Mortgage Note in said amount dated June 27, 2008 (the "Note"); and

WHEREAS, the Note is secured by, among other things, a certain Open-End Mortgage Deed, Security Agreement and Assignment dated June 27, 2008, mortgaging certain parcels of land in the Town of Plainville, Massachusetts (collectively, the "Property"), which mortgage deed is recorded in Book 25874 at Page 203 of the Land Records for said Town (the "Mortgage") and UCC Financing Statement recorded in Book 25874 at Page 228; and

WHEREAS, the Borrower and the Lender desire to amend terms and conditions of the Note.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Borrower:

1. The Note is hereby modified as follows:

    (a) **Interest Rate:** Commencing October 27, 2012 and continuing through and including June 26, 2018 the interest rate payable under this Note shall be at the rate of four and 75/100 percent (4.75%) per annum until the next "Adjustment Date" of June 27, 2018 as defined in the original note.

    (b) **Principal and Interest Payments:** Commencing November 27, 2012 and continuing on the same day of each and every month thereafter principal and interest payments in the amount of $3,275.41 shall be due and payable, except that any change in the interest rate on the interest rate Adjustment Date may cause an increase or decrease in the amount per month payable by the borrower. If not sooner paid, the entire principal balance of the note together with interest thereon and other charges due hereunder shall be due and payable on **June 27, 2028**

    (c) **Prepayment Penalty:** Maker may prepay the indebtedness evidenced by this Note, in whole or in part, at any time, upon ten (10) days prior written notice to the holder and payment to the holder of a fee (the "Prepayment Fee"). The Prepayment Fee shall be an amount equal to the following percentage of the amount of any such prepayment made during the following periods of time:  (a) five percent (5%) of the amount prepaid if such prepayment is made during the period commencing October 27, 2012 and ending September 26, 2014; (b) four percent (4%) of the amount prepaid if such prepayment is made during the period commencing September 27, 2014 and ending September 26, 2015; (c) three percent (3%) of the amount prepaid if such prepayment during the period commencing September 27, 2015 and ending September 26, 2016; (d) two percent (2%) of the amount prepaid if such prepayment is made during the period commencing September 27, 2016 and ending September 26, 2017; (e) one percent (1%) of the amount prepaid if such prepayment is made during the period commencing September 27, 2017 and ending September 26, 2018. Any and all prepayment shall be credited first to accrued interest to the date of the prepayment, then to escrow payments and other charges accrued pursuant to this Note and the Mortgage and then to the unpaid principal installments of

this Note in the inverse order of their maturity and shall not affect the obligation to pay the regular installments required hereunder, until the entire indebtedness has been paid.

2. All definitions of terms in the Note and the Security Documents which are defined in or which reference the Uniform Commercial Code, and/or Article 9 thereof, as adopted in Connecticut, are hereby amended to refer to such terms as defined in the Uniform Commercial Code adopted in Connecticut, including, without limitation, Article 9 thereof, as amended by Public Act 01-132 and as they may be further amended from time to time. The undersigned hereby ratify and confirm the grant of the liens and security interests in the Security Documents as amended by this Loan Modification Agreement.

3. Each of the Note/Agreement and the Security Documents are hereby amended to be consistent with the terms and provisions of this Loan Modification Agreement. All references in the Note/Agreement and the security Documents to each of the others shall be deemed to refer to such documents (s) as amended by this Loan Modification Agreement.

4. The Security Documents are hereby amended to add the following paragraphs, with the reference to "Borrower" herein conformed to the use of the term referencing the Borrower in such Security Documents:

Notwithstanding anything to the contrary herein, the Bank is hereby authorized to authenticate and to file financing statements, fixture filings or similar records naming the Borrower or any other party being or becoming bound by this security agreement (whether as a new debtor, a transferee of collateral subject to Bank's security interest or becoming a party to this agreement) as the debtor and indicating the collateral. Borrower shall not file a correction statement relating to the collateral or to any financing statement or fixture filing filed by the Bank without the Bank's prior written consent. If the Borrower is a corporation, limited liability company, limited partnership or other Registered Organization (as that term is defined in Article 9 of the Uniform Commercial Code as in effect in Connecticut) the Borrower shall, at its expense, furnish to Bank a certified copy of Borrower's organization documents verifying its correct legal name or, at Bank's election, shall permit the Bank to obtain such certified copy at Borrower's expense. From time to time, at Bank's election, the Bank may obtain a certified copy of Borrower's organization documents and a search of such Uniform Commercial Code filing offices as it shall deem appropriate, at Borrower's expense, to verify Borrower's compliance with the terms of this agreement.

Any policy of insurance required in this agreement to be maintained by the Debtor shall include, without limitation, insurance coverage on collateral in the possession of the Bank or its agent or contractor. Borrower, and any other obligor by becoming bound by the obligations owing to the Bank, hereby indemnifies the Bank against any loss or damage to collateral not insured by Borrower and for any deficiency in any effective insurance coverage required to be maintained by Borrower pursuant to this section, which indemnification obligation shall constitute part of the obligations secured by this agreement.

In the event that any other security interest or lien attaches to the collateral, other than the security interest to the Bank, Borrower hereby grants to Bank a power of attorney to, in the name of the Borrower, request and to enforce any right of Borrower to obtain, accountings and information from such other secured party or lienor relating to the obligations secured and collateral securing such security interest or lien, which power, being coupled with an interest, shall not be revocable by Borrower. The Borrower agrees to pay or reimburse Bank upon demand for any charges resulting from such requests for information.

In the event that collateral is in the possession of a bailee or other third party, Borrower shall, at Bank's election (and in form and content satisfactory to the Bank), either: (i) cause a document of title, in form and content satisfactory to the Bank, to be issued in the name of the Bank or (ii) obtain the written acknowledgement of the bailee or third party that it is holding such collateral for the benefit of the Bank.

5. Except as above modified, the rights, privileges, duties and obligations of the parties hereto under the Note and Mortgage and the other agreements executed and delivered in connection therewith shall remain unchanged and in full force and effect and nothing herein contained shall operate to release Borrower from its liability to pay the Note and to keep and perform all of the terms, conditions, obligations and agreements

contained in the Note and Mortgage, as herein modified, and Borrower agrees to pay indebtedness evidenced by the Note and secured by the Mortgage, as herein modified, with interest and all other payments required to be made under the Note and the Mortgage, as herein modified, in accordance with the respective provisions thereof.

**IN WITNESS WHEREOF**, Borrower has caused this Amendment to be duly executed as of the date set forth above as a sealed instrument.

Witnessed By: *[signature]*

BORROWER: Jean A. Degutis
By: *[signature]*
Its: JEAN A DEGUTIS

WEBSTER BANK, National Association
By: *[signature]*
Its: Vice President

STATE OF MASSACHUSETS)
COUNTY OF Bristol ) ss. Attleboro

Before me, the undersigned, this 24th day of October 2012 personally appeared Jean A. Degutis, known to me to be the individual above and acknowledged the execution of the same to be her free act and deed.

In Witness Whereof, I hereunto set my hand.

*[signature]*
Notary public
My commission expires:
Commissioner of the Superior Court

DONNA JEAN WARD
Notary Public
Commonwealth of Massachusetts
My Commission Expires
January 13, 2017

STATE OF MASSACHUSETTS)
COUNTY OF Bristol ) ss. Attleboro

Before me, on the 24th day of October 2012, personally appeared the above-named Walek Mendoca Vice president of Webster Bank, National Association, to me know and known by me to be the person (s) executing the foregoing instrument, and he/she/they acknowledged said instrument by him/her/them so executed to be his/her/their free act and deed and the free act and deed of Webster Bank, National Association.

*[signature]*
Commissioner of the Superior Court
Notary Public
My Commission Expires_____

DONNA JEAN WARD
Notary Public
Commonwealth of Massachusetts
My Commission Expires
January 13, 2017

- 3 -

### Reaffirmation of Guarantor(s)

The undersigned, jointly and severally if more than one (collectively the "Guarantor"), has entered into a Guaranty or Guaranties in favor of the Bank dated as of June 27, 2008 (collectively the "Guaranty"), wherein the Guarantor has guaranteed the Borrower's obligations under the loan documents described above.

In order to induce the Bank to enter into the Loan Modification Agreement set forth above, the Guarantor, for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, hereby (a) consents to the execution of this Loan Modification Agreement by the Borrower, and (b) agrees and confirms that the Guaranty remains in full force and effect with respect to the Note/Agreement and the Security Documents, as amended above.

Executed under seal this 24 day of October 2012.

Equitation Unlimited Inc.

- 4 -