UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

IN RE: JEAN A. DEGUTIS,

         Debtor.

CHAPTER 13
CASE NO. 16-11692-FJB

## WEBSTER BANK, N.A.'S MOTION TO DISMISS THE DEBTOR'S CHAPTER 13 CASE

Pursuant to Section 1307(c) of 11 U.S.C. (the "Bankruptcy Code"), Webster Bank, N.A. (the "Bank"), by its attorneys, respectfully moves this court, to dismiss this Chapter 13 case filed by Jean A. DeGutis (the "Debtor").

### I.    FACTUAL BACKGROUND

1. The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 3, 2016 (the "Petition Date").

2. On May 18, 2016, the Debtor filed a proposed Chapter 13 Plan of Reorganization (the "Plan") [Docket No. 16].

3. On July 15, 2016, the Bank timely filed an objection to the Plan (the "Plan Objection") [Docket No. 26].

4. On June 27, 2008, the Bank made a commercial loan to the Debtor in the original principal amount of $490,000.00 (the "Loan").

5. The Loan is secured by a first mortgage (the "Mortgage") on real property owned by the Debtor, located at 44 Warren Street, Plainville, Massachusetts, which includes the Debtor's residence and a commercial equestrian farm with multiple associated structures (the

"Property"). True and accurate copies of the Promissory Note and Mortgage evidencing the Loan are attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u> respectively.

6. Pursuant to the terms of the Mortgage, the Debtor granted to the Bank all of the Debtor's interest in all rents, profits, proceeds and products of and from the Property and all leases of the Property or portions thereof, as more fully described in the Mortgage.

7. On October 24, 2012, the Debtor and the Bank amended the Note by a modification to the note (the "Modification") which modified the interest rate, principal and interest payments, and prepayment penalty terms of the Note. A true and accurate copy of the Modification is attached as <u>Exhibit C</u>.

8. Pursuant to the terms of the Note and the Modification, the Debtor was obligated to make monthly mortgage payments of $3,275.41 on the 27th day of each month. The Debtor stopped making timely monthly mortgage payments in March 2014. As a result, default interest began to accrue after the payment default in March 2014 and the monthly payment increased to $4,188.00. The Debtor only made two additional monthly mortgage payments in 2014, both of which were late, in April and September. In 2015, the Debtor only made four partial monthly mortgage payments of $2,500.00. In 2016, the Debtor made no prepetition monthly mortgage payments to the Bank.

9. The Debtor is in default under the terms of the Note and the Mortgage for failing to make the monthly mortgage payments as described above. By notice to the Debtor dated November 2, 2015, the Bank properly accelerated payment of the Loan on account of said payment default, and the full balance became immediately due and payable (the "Notice of Default and Acceleration"). A true and accurate copy of the Notice of Default and Acceleration

7186535v2

is attached hereto as <u>Exhibit D</u>.[1]

10.  As of the Petition Date, the Debtor owed the Bank a total of $495,090.64 on the Loan, which consists of $401,913.96 in principal, interest in the amount of $63,145.87, late charges in the amount of $5,471.51, plus attorneys' fees, costs and expenses in the amount of $24,559.30.[2] Interest continues to accrue at a per diem default rate of $97.69 and attorney's fees and expenses continue to accrue.

11.  The Debtor has made only one postpetition monthly mortgage payment, on July 25, 2016 and only after the Bank filed the Plan Objection on July 15, 2016.  The Bank applied the postpetition monthly mortgage payment to the payment due May 27, 2016.  The Debtor has failed to make two postpetition monthly mortgage payments due the Bank on June 27, 2016 and July 27, 2016.  As described below, the Debtor is using the Bank's cash collateral without the Bank's consent or authorization of this Court in violation of the Bankruptcy Code.

## II. ARGUMENT

### A. The Debtor Has Failed To Make All Postpetition Monthly Mortgage Payments To The Bank

12.  Debtor has made only one postpetition monthly mortgage payment on July 25, 2016—ten days after the Bank filed the Plan Objection.

13.  The Bank is still due two postpetition monthly mortgage payments. The Debtor has failed to make postpetition monthly mortgage payments to the Bank due June 27, 2016 and

---

[1] The Loan was also personally guaranteed by Equitation Unlimited, Inc. ("Equitation"), an affiliate of the Debtor. Equitation filed a voluntary petition under chapter 7 of the Bankruptcy Code on January 27, 2016 (Bankruptcy Case No. 16-10248) in response to the Bank's action in Norfolk Superior Court to have a Receiver appointed ("Bank Complaint").  Equitation had no assets available for distribution to creditors in that chapter 7 case and the Chapter 7 Trustee filed a report to that effect.

[2] Counsel was engaged by the Bank in October 2015.  Because the Debtor was unresponsive to the Notice of Default and Acceleration (See Exhibit D), counsel commenced the Bank Complaint.  Several hearings were held by the Superior Court and an Order entered authorizing the appointment of a Receiver effective May 4, 2016.  The Debtor filed her Chapter 13 petition on May 3, 2016 which stayed the Superior Court action.  Counsel also devoted legal time to the Chapter 7 bankruptcy case filed by Equitation, the guarantor of the Loan.

3

July 27, 2016 notwithstanding the fact that the Debtor reported collecting $9,611.55 per month in income from the operation of the commercial equestrian farm at the Property, known as Tanbark Farm. See Schedule I [Docket No. 13].

14. In addition, the Debtor has not paid any real estate taxes to the Town of Plainville on the Property since May 7, 2012. The total prepetition amount of property taxes due on the Property is $42,533.10. The Debtor failed to make the first postpetition quarterly real estate tax payment to the Town of Plainville in the amount of $1,936.76 which was due on August 1, 2016.[3]

15. The Debtor is obligated under Section 1322(b)(5) of the Bankruptcy Code to "provide for the curing of any default within a reasonable time a**nd maintenance of payments while the case is pending on any** unsecured or **secured claim** on which the last payment is due after the date on which the final payment under the plan is due . . . ." (emphasis added). This provision requires payments to commence no later than 30 days after filing of a plan, which in this case was on May 18, 2016.

16. The Debtor's failure to make all timely postpetition monthly mortgage payments under Section 1322(b)(5) of the Bankruptcy Code is grounds for dismissal as set forth in Section 1307(c)(4). The Debtor's failure to pay postpetition taxes as required under 28 U.S.C. § 960 is a further grounds for dismissal of this Chapter 13 case.

    **B. The Debtor Has Been Using Substantial Cash Collateral of the Bank Without the Bank's Consent and Without Court Authorization in Violation of the Bankruptcy Code**

17. The Debtor operates a commercial equestrian farm, "Tanbark Farm," as a sole proprietorship at the Property subject to the Mortgage.

---

[3] The Debtor has also failed to file her 2015 State and Federal Tax income tax returns as required under 11 U.S.C. § 1308.

4

7186535v2

18. At the Debtor's 341 Meeting, the Debtor testified to receiving substantial monthly income from boarding fees generated from the boarding of horses at Tanbark Farm. These boarding fees constitute "rents, profits, [or] proceeds" from the Property in which the Bank has a first priority lien by virtue of the Mortgage as noted in paragraph 6 above and in Exhibit B. Therefore, the boarding fees constitute the Bank's cash collateral. In her Schedule I, the Debtor reports monthly income of $9,611.55, a substantial portion of which constitutes boarding fees.

19. As provided by the Bankruptcy Code, the Debtor's right to use cash collateral pursuant to Section 1304 is subject to the limitations on the use of cash collateral as set forth in Section 363(c)(2) which requires either the consent of the secured party of court authorization for the Debtor's use of such cash collateral.

20. The Debtor is improperly using the Bank's cash collateral as the Debtor has not obtained court authorization for use of such cash collateral and the Bank does not consent to such use. See Section 363(c)(2). There is simply no justification for the Debtor's failure to have sought court authority to use the Bank's cash collateral during the more than three-month period since the Petition Date.

**C. The Debtor has Failed to Amend or Modify The Debtor's Chapter 13 Plan as Directed by the Chapter 13 Trustee At The Debtor's Section 341 Meeting of Creditors**

21. On June 15, 2016, the Chapter 13 Trustee, conducted the Debtor's Section 341 Meeting of Creditors. At the 341 Meeting, the Trustee directed the Debtor to either amend or modify the Debtor's Plan to reference that the Debtor intended to pay postpetition monthly mortgage payments due the Bank. The Plan as filed by the Debtor only made reference to the Bank's prepetition arrearage and made no reference to the treatment of payment of the outstanding principal balance due of approximately $400,000.

5

22. As of the date of this filing, the Debtor has failed to amend or modify the Debtor's Plan to include payment by the Debtor of postpetition monthly mortgage payments as instructed by the Trustee. Consequently, the Bank was required to file the Plan Objection prior to the original objection deadline.

23. The Debtor's actions (or lack thereof) constitute unreasonable delay by the Debtor which is prejudicial to the Bank under Section 1307(c)(1) of the Bankruptcy Code and constitute grounds for dismissal of this Chapter 13 case.

WHEREFORE, Webster Bank, N.A. moves this Court, pursuant to 11 U.S.C. § 1307(c) to dismiss this chapter 13 case pursuant to 11 U.S.C. § 109(g) on account of (1) the Debtor's continued use of the Bank's cash collateral without Court approval; (2) the Debtor's failure to make all postpetition payments due the Bank as required by Section 1326; (3) failure to timely modify or amend the Debtor's Plan as directed by the Trustee; and (4) the Debtor's failure to pay postpetition real estate taxes assessed against the Property.

Respectfully submitted,

**WEBSTER BANK, N.A.**

By Its Attorneys,

*/s/ Thomas S. Vangel* _____
Thomas S. Vangel, BBO #552386
Anthony R. Leone, BBO #681760
Murtha Cullina LLP
99 High Street
Boston, Massachusetts 02110-2320
Telephone: 617.457.4000
Facsimile: 617.482.3868
tvangel@murthalaw.com
aleone@murthalaw.com

DATED: August 23, 2016

7186535v2