UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

Jean A. Degutis

Chapter 13
Case No. 16-11692 FJB

Debtor

**OBJECTION TO WEBSTER BANK, N.A.'S MOTION TO
DISMISS THE DEBTOR'S CHAPTER 13 CASE**

Now comes Jean A. Degutis, the above-referenced debtor (the "Debtor"), and objects to the Motion to Dismiss the Debtor's Chapter 13 Case (the "Motion") filed by Webster Bank, N.A. (the "Bank") as follows:

1. Admits.
2. Admits.
3. Admits.
4. Admits.
5. Admits.
6. Admits.
7. Admits.
8. Admits.
9. Admits.
10. The Debtor lacks sufficient knowledge to admit or deny the accuracy of all of the amounts alleged in paragraph 10 of the Motion.
11. The Debtor states that she has made two post-petition mortgage payments not one and she denies she is using the Bank's cash collateral.

12. Denied.

13. The Debtor admits that she missed her first two post-petition payments. However the Debtor thought her payments were due at the beginning of the month, not on the 27$^{th,}$ and therefore did not realize her first post-petition payment was due in May, as she filed the petition on May 3, 2016.  In addition, the Debtor suffered a personal tragedy in June due to the unexpected death of her son, which disrupted her normal business operations. The Debtor has since made her July and August mortgage payment. Moreover, she has been advised that she is the sole beneficiary of her son's annuity and therefore she will also be amending her exemptions.

14. The Debtor lacks sufficient knowledge to either admit or deny the assertions in paragraph 14 as the Town of Plainville has not filed a proof of claim nor sent her a post-petition real estate tax bill.  The Debtor is in the process of asking the Town of Plainville to send her regular post-petition tax bills.

15. Debtor admits that she is ready to cure her defaults in a reasonable time. Moreover, due to the events described in paragraph 13, she advised the Bank that she should have enough funds available within approximately thirty days to cure the two month post-petition arrears and remain current thereafter.

16. Denied.

17. The Debtor admits she is doing business as Tankbark Farm.

18. The Debtor admits that she receives board for horses. The Debtor further states that board is neither rent, profit nor proceeds.  The board she receives is part of her gross income which is used to cover the costs involved in boarding horses.  Board is not therefore cash collateral nor is it any of the enumerated items referenced as collateral in the mortgage drafted by the

Bank.

19. The Debtor denies she is using the Bank's cash collateral.

20. Denied.

21. The Debtor denies that the Chapter 13 Trustee directed the Debtor to amend her plan or modify her plan prior to the proof of claim objection deadline which is September 13, 2013 as it was clear to her that the Debtor's intent was to cure the Bank's arrears.

22. The Bank filed its proof of claim on July 7, 2016.  As the proof of claim deadline is less than a week later, the Debtor requested that the Bank agree to continue the hearing on its objection to the Debtor's plan for two weeks as an amended plan was imminent which would include its arrears.  However the Bank did not assent and instead filed this Motion.

WHEREFORE, the Debtors requests that this Honorable Court deny the Bank's Motion to Dismiss.

        JEAN A. DEGUTIS
        by her attorney,

        */s/ Honoria DaSilva-Kilgore*
        Honoria DaSilva-Kilgore, BBO# 564202
        The Law Offices of
        Honoria DaSilva-Kilgore, P.C.
        2 Richard Street, P.O. Box 277
        Raynham, MA 02767
        (508) 822-3200
        hdklaw@hdklawoffices.com

Date:  September 6, 2016

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

Jean A. Degutis

Debtor

Chapter 13
Case No. 16-11692 FJB

## CERTIFICATE OF SERVICE

I hereby certify that I have on September 6, 2016, electronically filed the Debtor's **Objection** using the CM/ECF system and served it on the following CM/ECF participants listed below:

John Fitzgerald                                  U.S. Trustee
USTPRegion01.BO.ECF@USDOJ.GOV

Carolyn Bankowski                                Chapter 13 Trustee
13trustee@ch13boston.com

Anthony R. Leone                                 for Webster Bank, N.A.
aleone@murthlaw.com

Kevin F. Yetman                                  for Webster Bank, N.A.
kyetman@murthalaw.com

Thomas S. Vangel                                 for Webster Bank, N.A.
tvangel@murthalaw.com

I further certify that I have this same day mailed, by first class mail, postage prepaid, the documents electronically filed with the Court to the non CM/ECF participants or interested parties listed below:

Jean A. Degutis                                  Debtor
44 Warren Street
Plainville, MA  02762

                                                 */s/ Honoria DaSilva-Kilgore*
                                                 Honoria DaSilva-Kilgore, BBO #564202
                                                 The Law Offices of
                                                 Honoria DaSilva-Kilgore, P.C.
                                                 2 Richard Street, P.O. Box 277
                                                 Raynham, MA 02767
                                                 (508) 822-3200
                                                 hdklaw@hdklawoffices.com